UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

PAMELA RADIX,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## COMPLAINT

Plaintiff, PAMELA RADIX, sues the Defendant, UNITED STATES OF AMERICA, and allege as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This is an action for medical negligence involving injuries sustained by Plaintiff, PAMELA RADIX.

2. Plaintiff, PAMELA RADIX, is a resident of the State of Florida and was a patient of the VA Medical Center and VA medical clinics located in West Palm Beach, Florida.

3. Defendant is the United States of America.

4. The claims against the Defendant are brought under the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2671-2680, for injuries sustained by Plaintiff arising out of the negligence of employees, agents, apparent agents, servants or representatives of the United States Government at the West Palm Beach, FL VA Medical Center and Clinics while acting within the

course and scope of their employment, agency, apparent agency, servitude, or representative capacity, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff.

5. Venue is proper under 28 U.S.C. §1402(b) and the Federal Tort Claims Act as all of the alleged negligent acts arose out of the care and treatment Plaintiff received at the West Palm Beach VA Medical Center and Clinics (hereinafter referred to as "WPB VA").

6. Plaintiff has complied with the jurisdictional prerequisites under the Federal Tort Claims Act. It has been more than six (6) months since the original administrative claims were filed with the Department of Veterans Affairs pursuant to 28 U.S.C. 2675 and the parties have been unable to reach a resolution to this matters.

## FACTS

7. Plaintiff was a patient of the VA Medical Center and Clinics in West Palm Beach, Florida.

8. On or about January 11, 2013 Plaintiff underwent a CT scan of the sinuses that was ordered by her primary physician at WPB VA, Monina Mabuti Lim, M.D., to evaluate long standing complaints related to her sinuses.

9. The CT scan report revealed a suspected malignant nasopharyngeal neoplasm measuring approximately 2.9 x 2.6 cm.

10. Plaintiff was referred to the Otolaryngology Clinic at the WPB VA and came under the care of VA physician James Schell, M.D. on or about January 14, 2013.

11. A biopsy was performed on the nasopharyngeal neoplasm by Dr. Schell and confirmed the diagnosis.

12. Plaintiff was advised by James Schell, M.D. that this mass was visible on a prior

study ordered and performed by physicians at the WPB VA and was referenced in the radiology report.

13. Despite the presence of the mass and the report of the radiologist, the VA physicians, including Jesus Lizardi, M.D. and Monina Mabuti, M.D., who were or should have been aware of the mass failed to advise Plaintiff of the presence of the mass and did not advise Plaintiff of the need for interval diagnostic to evaluate for potential growth of the mass at any time during subsequent years.

14. Further, her treating physicians did not refer Plaintiff to an appropriate specialist for further evaluation and diagnosis of the mass until the referral to Dr. Schell in January of 2013.

15. Plaintiff was advised by Dr. Schell that due to the several year delay in diagnosing her condition that she was no longer a candidate for surgical resection of the mass and would have to undergo alternative treatments for her condition including chemotherapy and radiation.

16. Plaintiff has been left with a plethora of medical issues including, but not limited, permanent hearing loss, vision loss, loss of her ability to taste and smell, and memory loss resulting from the treatments necessitated by the delay. She has also experienced extreme fatigue and has battled depression as a result of her physical limitations and has been declared totally disabled.

17. As a direct and proximate result of the negligence of the Defendant by and through their employees, Plaintiff has permanent and severe injuries as described more fully above in paragraph (16) and was caused to suffer the damages described more fully below in paragraph (22).

## COUNT I - NEGLIGENCE OF UNITED STATES GOVERNMENT

Plaintiff realleges and incorporates all of the allegations contained in paragraphs (1) through (17) and further alleges as follows:

18. Defendant, UNITED STATES GOVERNMENT, by and through its agents, apparent agents, employees, servants, representatives and contractors at the WPB VA had a duty to exercise reasonable care in the treatment of Plaintiff.

19. Defendant breached that duty and was negligent in the care and treatment of the Plaintiff, PAMELA RADIX, in at least the following respects:

  (a) Failing to initiate a plan of care for routine follow-up to evaluate the small polypoid mass visualized and reported on the CT of the head on July 31, 2009;

  (b) Failing to conduct periodic screening and evaluation with the use of further radiological studies to evaluate the polypoid mass;

  (c) Failing to recommend and make timely referrals to an ENT to evaluate the polypoid mass in the right nasopharynx;

  (d) Failing to consider the polypoid lesion as a potential cause of her chronic sinusitis in subsequent years; and

  (e) Failing to advise the patient of the presence of the polypoid lesion

19. These acts and omissions were negligent and below the applicable standards of care.

20. As a direct and proximate result of the negligence of Defendant, the Plaintiff suffered the damages described in paragraphs (16) above and (29) below.

## DAMAGES

Plaintiffs hereby incorporate and reallege paragraphs 1 through 20 as though fully set forth herein and further alleges:

21. As a result of the negligence of Defendant by and through the acts of its employees, agents, apparent agents, servants, or representatives the Plaintiff was caused to suffer and seeks recovery for bodily injury resulting in pain and suffering, disability, mental anguish, disfigurement, loss of the capacity for the enjoyment of life, loss of earnings, loss of ability to earn money, and the cost of  is entitled to and seeks recovery of the following damages from the Defendant for the reasonable value of any future hospitalizations, medical, psychological and nursing care and treatment, as well as damages for bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, and loss of earnings.  These losses are permanent and PAMELA RADIX will suffer these losses in the future.

22. Plaintiff's injuries and related damages as outlined in paragraph (21) were caused by the negligence of Defendant.

WHEREFORE, Plaintiff PAMELA RADIX demands judgment against Defendant, UNITED STATES GOVERNMENT, for compensatory damages, interest and costs associated with this bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable as a matter of right.

Dated this 27th day of April, 2016.

Respectfully submitted,

STEWART TILGHMAN FOX BIANCHI & CAIN, P.A.
One Southeast Third Avenue, Suite 3000
Miami, Florida 33131-1764
Telephone: (305) 358-6644
Telefax:    (305) 358-4707

By: *s/ STEPHEN F. CAIN*
      STEPHEN F. CAIN

                                          Florida Bar No. 0425419
                                          scain@stfblaw.com
                                          dgelb@stfblaw.com
                                          emailservice@stfblaw.com